**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 10 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

JOAQUIN ELIAS-QUIEJ, AKA Joaquin
Quiej-Ramos,

                Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

                Respondent.

No. 19-73216

Agency No. A202-070-173

MEMORANDUM*

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2022**

SILVERMAN, KOH, and SANCHEZ, Circuit Judges.

Joaquin Elias-Quiej, a native and citizen of Guatemala, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his applications for asylum,

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). Elias-Quiej also seeks review of the BIA's order denying his motion to reconsider and terminate proceedings.

We have jurisdiction under 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Id.* at 1241. We review for abuse of discretion the denial of a motion to reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petition for review.

The agency did not err in concluding that Elias-Quiej did not establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'") (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Conde Quevedo*, 947 F.3d at 1243 (concluding that the petitioner failed to establish that Guatemalans who report the criminal activity of gangs to the police constitute a cognizable particular social group); *Ramos-Lopez v. Holder,* 563 F.3d 855, 861-

862 (9th Cir. 2009) (concluding that young Honduran men who resisted gang recruitment failed the particularity requirement and lacked the requisite social visibility), *abrogated in part on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc).

Substantial evidence supports the agency's conclusion that Elias-Quiej otherwise failed to establish he was or would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Elias-Quiej's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT protection because Elias-Quiej failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The BIA was within its discretion in denying Elias-Quiej's motion to reconsider and terminate because the motion failed to identify any error of fact or law in the BIA decision. To the extent Elias-Quiej contends that the IJ lacked jurisdiction over his proceedings, his argument is foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) (rejecting contention that lack of

hearing information in notice to appear deprived immigration court of jurisdiction).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**